E-FILED
Tuesday, 21 February, 2006  12:12:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRADLEY ALAN MANSFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3157 |
| | ) | |
| CITY OF SPRINGFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants' Motion to Dismiss (d/e 9). Plaintiff Bradley Mansfield alleges that his civil rights were violated when he was arrested without probable cause. The Defendants move to dismiss for lack of proper service and for failure to state a claim. For the reasons set forth below, the Motion is allowed in part. Defendants Springfield Police Chief Don Kliment and Springfield Police Officer R. J. Fleck were never properly served, and the claims against them are dismissed without prejudice. Defendant City of Springfield (City), however, was properly served, and the Complaint (d/e 1) states a claim against the City. The City's request to dismiss the Complaint is denied.

1

STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Mansfield. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Mansfield can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Mansfield alleges that he was involved in a dispute with his ex-wife in a hospital parking lot. He and his ex-wife were arguing over who would take the couple's infant daughter home. The police were called. He and his ex-wife each accused the other of battery. Initially, nearby citizens stated that they did not see anything. According to the Complaint, Officer Fleck exerted undue pressure on these citizens to change their original statements; under this pressure, one person indicated that Mansfield shoved his ex-wife. Fleck then told Mansfield that he had to arrest him due to Police Department policy since there was an additional witness. Mansfield alleges that, under the totality of the circumstances, Fleck lacked probable cause to

arrest. Mansfield also alleges that Kliment failed to train Fleck properly regarding what constitutes probable cause to arrest. The Sangamon County States Attorney declined to file charges against Mansfield. Mansfield brings this action under 42 U.S.C. § 1983 and seeks damages and attorney's fees. He alleges claims against Kliment and Fleck in both their official and individual capacities.

Mansfield filed this action on June 24, 2005. Mansfield did not serve the Complaint on any party within 120 days of filing. Fed. R. Civ. P. 4(m). By text order dated November 23, 2005, United States Magistrate Judge Byron G. Cudmore gave Mansfield until December 7, 2005, to serve the Defendants. The Plaintiff then served summonses on the City Clerk for all three Defendants. Returns of Service (d/e 6, 7, & 8). The Plaintiff also asserts that the City's corporation counsel received a copy of the Complaint. Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (d/e 12) at 2.

## ANALYSIS

A.   Motion to Dismiss for Lack of Personal Jurisdiction

The Defendants initially move to dismiss for lack of proper service. They argue that Judge Cudmore abused his discretion in giving Mansfield

an extension of time in which to serve the Defendants. Whether to grant such an extension is within the discretion of the Court. Mansfield is appearing pro se and is unfamiliar with requirements of service. The Court sees no abuse of discretion in Judge Cudmore's decision to give Mansfield some additional time.

Mansfield, however, failed to serve Kliment and Fleck properly. An individual must be served personally. Fed. R. Civ. P. 4(e). Mansfield served the City Clerk. That was not personal service on Kliment or on Fleck. Mansfield argues that the City's corporation counsel received copies of the summonses and Complaint and so must be, "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Nothing before the Court shows that the corporation counsel was served. The return of service shows that the City Clerk was served. Mansfield also present no evidence that the City's corporation counsel was appointed by Kliment and Fleck, or by law, to accept service on their behalf. Based on the record, Kliment and Fleck were not properly served. Mansfield already had an extension to serve them; the Court sees no reason to give another. The claims against them are dismissed without prejudice. Fed. R. Civ. P. 4(m). The Defendants ask for dismissal with prejudice, but Rule 4(m)

states that dismissal is without prejudice.

B.    <u>Motion to Dismiss for Failure to State a Claim</u>

To state a claim against the City, Mansfield must allege: (1) an agent of the City violated his constitutional rights under color of law, and (2) the violation resulted from a City policy or custom or at the direction of someone with final decision-making authority for the City. <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978). Mansfield alleges he was arrested without probable cause. Mansfield alleges that Fleck pressured a witness to change his story. Mansfield also alleges that the City had a policy requiring Fleck to arrest Mansfield based on the existence of this witness.

An officer who arrests a person without a good faith belief that probable cause exists violates the Fourth Amendment prohibition against unreasonable searches and seizures. <u>Hayes v. Florida</u>, 470 U.S. 811, 813-14 (1985). Probable cause is determined by looking at the totality of the circumstances. <u>Maryland v. Pringle</u>, 540 U.S. 366, 371 (2003). Mansfield alleges that the City policy required his arrest even though probable cause did not exist under the totality of circumstances in this case.

Mansfield also alleges that Police Chief Kliment did not train Fleck

5

properly with respect to determining the existence of probable cause. Kliment, as Chief of Police, may have had final decisionmaking authority for the City to set policies on police training. These allegations are sufficient to allege a claim against the City that it had policies of arresting people without probable cause and of not properly training their officers on the meaning of probable cause. Mansfield therefore states a claim against the City.

The City argues that the allegations show that Fleck had probable cause to arrest Mansfield. The Court disagrees. Whether probable cause exists depends on the specific circumstances. <u>Maryland v. Pringle</u>, 540 U.S. at 371. At this point, accepting the allegations as true, the Court must assume that Fleck lacked probable cause to arrest, particularly since he allegedly pressured a witness to change a statement. The City also raises the issue of qualified immunity, but that issue only runs to the individual Defendants, and the Court is already dismissing the claims against them. The City cannot raise the defense of qualified immunity. <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 166-67 (1993).

THEREFORE, the Defendants' Motion to Dismiss (d/e 9) is

ALLOWED in part and DENIED in part.  The claims against Defendants Don Kliment and R.J. Fleck are dismissed without prejudice.  The Motion is otherwise denied.  The City is directed to file an answer by March 6, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   February 21, 2006.

    FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                                    JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE